

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

Office of
General Counsel

October 17, 2024

Christopher M. Wolpert  **FILED VIA CM/ECF**
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
Byron White Court House
1823 Stout Street
Denver, CO 80257

**Re:** *Sharpe-Miller v. Walmart, Inc.*, No. 24-2055 (10th Cir.)

Dear Mr. Wolpert,

Pursuant to Federal Rule of Appellate Procedure 28(j), we write to inform this Court of pertinent supplemental authority. In our amicus brief (pp. 27-33), we argued that discrete discriminatory acts can form part of a hostile-work-environment claim. We cited to decisions from multiple courts of appeals reaching this holding but acknowledged as contrary authority the Sixth Circuit's decision in *Ogbonna-McGruder v. Austin Peay State University*, 91 F.4th 833 (6th Cir. 2024).

Since the filing of our brief, the Sixth Circuit has limited the scope of *Ogbonna-McGruder*. In *McNeal v. City of Blue Ash*, --F.4th--, 2024 WL 4262532 (6th Cir. Sept. 23, 2024), the Sixth Circuit concluded that "there is no requirement" that "[a]n individual act within a hostile-work-environment claim" "not be independently actionable." *Id.* at *11. The Sixth Circuit relied for this conclusion, as did our amicus brief (pp. 28-29), on the Supreme Court's statement in *Green v. Brennan*, 578 U.S. 547 (2016), that a hostile-work-environment claim "includes every act composing that claim, *whether those acts are independently actionable or not*," *id.* at 557 (emphasis added), and on the decisions of multiple "sister circuits [that] have reached similar conclusions." 2024 WL 4262532, at *11 & n.15 (collecting cases). And the Sixth Circuit explained that this "conclusion makes good sense" because "[w]hether a given act contributes to a hostile work environment does not turn on whether that act might support a separate claim." *Id.* at *11. The Sixth Circuit thus read *Ogbonna-McGruder* "to bar a plaintiff from including in a hostile-work-environment claim only those discrete acts that result in a separate discriminatory harm to the terms and conditions of employment that does not 'contribut[e]' to the alleged environment of harassment." *Id.* at *11 (alteration in original) (quoting *Ogbonna-McGruder*, 91 F.4th at 840).

Respectfully submitted,

/s/ Chelsea C. Sharon
Chelsea C. Sharon
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M Street, NE, Fifth Floor
Washington, DC 20507
(202) 921-2889
chelsea.sharon@eeoc.gov

cc: Counsel of Record (via CM/ECF)